1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK GLEASON,
                                        No. CIV S-10-2030 MCE EFB PS
11              Plaintiff,

12       vs.

13   ANNE GLASSCOCK; THE CALIFORNIA          ORDER AND
     HORSE RACING BOARD,                     ORDER TO SHOW CAUSE
14
                Defendants.
15   _____/

16       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On July 30,

18   2010, defendant California Horse Racing Board removed the action to this court from

19   Sacramento County Superior Court on the ground that plaintiff's complaint alleges federal

20   claims.  Dckt. No. 2.  Then, on August 5, 2010, the California Horse Racing Board moved to

21   dismiss plaintiff's complaint.  Dckt. No.  7.  The motion was noticed to be heard on October 27,

22   2010. *Id.*

23       Court records reflect that plaintiff has filed neither an opposition nor a statement of

24   non-opposition to defendants' motions.  Local Rule 230(c) provides that opposition to the

25   granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

26   party, and filed with this court, no later than fourteen days preceding the noticed hearing date or,

1

in this instance, by October 13, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing date on the California Horse Racing Board's motions to dismiss, Dckt. No. 7, is continued to November 24, 2010.

2.  Plaintiff shall show cause, in writing, no later than November 10, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3.  Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than November 10, 2010.

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

////

////

////

1    5.  The California Horse Racing Board may file a reply to plaintiff's opposition, if any,

2  on or before November 17, 2010.

3    SO ORDERED.

4  DATED:  October 18, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3