IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK GLEASON,

          Plaintiff,

   vs.

ANNE GLASSCOCK; THE CALIFORNIA HORSE RACING BOARD,

          Defendants.
_____/

No. CIV S-10-2030 MCE EFB PS

ORDER

     This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On July 30, 2010, defendant California Horse Racing Board removed the action to this court from Sacramento County Superior Court on the ground that plaintiff's complaint alleges federal claims. Dckt. No. 2. On August 5, 2010, the California Horse Racing Board moved to dismiss plaintiff's complaint and noticed the motion to be heard on October 27, 2010. Dckt. No. 7.

     On October 18, 2010, because plaintiff had not filed either an opposition or a statement of non-opposition to the motion, the undersigned continued the hearing on the motion to November 24, 2010; ordered plaintiff to show cause, in writing, no later than November 10, 2010, why sanctions should not be imposed for his failure to timely file an opposition or a statement of non-opposition to the pending motion; and directed plaintiff to file an opposition to

1

the motion, or a statement of non-opposition thereto, no later than November 10, 2010. Dckt. No. 10. The undersigned further stated that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." *Id.*

Then, on November 10, 2010, plaintiff filed a request for a forty-five day continuance "in order to have time to seek Counsel to represent him." Dckt. No. 12. Plaintiff stated that he "believe[d] that the 45-day continuance [would] allow the necessary time to obtain Counsel and allow Counsel time to review the case and prepare an argument." *Id.*

Although the California Horse Racing Board opposed the request for a continuance, Dckt. No. 11, on November 15, 2010, the undersigned granted the continuance, continued the November 24, 2010 hearing on the motion to dismiss to January 12, 2011, and directed plaintiff to file an opposition to the motion or a statement of non-opposition thereto no later than December 29, 2010. Dckt. No. 14. The order further provided that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." *Id.*

The deadline has now passed and plaintiff has not filed either an opposition or a statement of non-opposition to the motion. Nor has counsel appeared on plaintiff's behalf. Therefore, the hearing on the California Horse Racing Board's motion to dismiss will be continued *one final time* and plaintiff will be ordered to show cause why this case should not be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules. *See* Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."); Local Rule 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by

default, or other appropriate sanction); Local Rule 110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on the California Horse Racing Board's motion to dismiss, Dckt. No. 7, is continued to February 16, 2011.

2. Plaintiff shall show cause, in writing, no later than February 2, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 2, 2011.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and will result in a recommendation that this action be dismissed for lack of prosecution and for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. The California Horse Racing Board may file a reply to plaintiff's opposition, if any, on or before February 9, 2011.

SO ORDERED.

DATED: January 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE