IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK GLEASON,

             Plaintiff,             No. CIV S-10-2030 MCE EFB PS

    vs.

ANNE GLASSCOCK; THE CALIFORNIA
HORSE RACING BOARD,

             Defendants.           FINDINGS AND RECOMMENDATIONS
                                          /

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant California Horse Racing Board's moves to dismiss plaintiff's complaint and to strike plaintiff's claim for equitable relief.[1] Dckt. No. 7. For the reasons stated herein, the motion to dismiss must be granted and the motion to strike should be denied as moot.

I.     BACKGROUND

In 2004, plaintiff was issued a license by the California Horse Racing Board ("CHRB") as both a racehorse owner and a racehorse trainer. Compl., Dckt. No. 2-1 ¶ 11. Plaintiff alleges

---

[1] Defendant Anne Glasscock has not appeared in this action. The California Horse Racing Board contends that she has not been served and that she has absolute and qualified immunity from plaintiff's claims. *See* Dckt. No. 7 at 1, n.1.

1

that between May 2008 and June 2009, defendant Anne Glasscock, supervisory investigator for the CHRB, improperly refused to renew plaintiff's licenses. *Id.* at 5-18.

On April 30, 2010, plaintiff filed the underlying action in Sacramento County Superior Court against the CHRB, Anne Glasscock, and Does 1-30. *See generally id.* Plaintiff's complaint alleged six causes of action, three of which pertain to defendant CHRB. Specifically, plaintiff alleges that (1) CHRB violated California Civil Code section 51 by refusing to issue plaintiff a license, thereby "wrongfully and unlawfully discriminat[ing] against plaintiff based on his sex and/or race"; (2) CHRB violated Article 1, Section 1 of the California Constitution by "arbitrarily, capriciously and unreasonably . . . depriving [p]laintiff the right to pursue his lawful occupation or business as a racehorse owner and/or trainer"; and (3) CHRB violated California's Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*, by unfairly refusing plaintiff's reapplication for a license, initially refusing to supply plaintiff stalls at Golden Gate Fields, and generally treating plaintiff unfairly. *Id.* ¶¶ 96, 101, 124. Plaintiff seeks damages and equitable relief. *Id.* at 27.

On July 30, 2010, defendant California Horse Racing Board removed the action to this court from Sacramento County Superior Court on the ground that plaintiff's complaint alleges federal claims. Dckt. No. 2. CHRB now seeks to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and to strike plaintiff's claim for equitable relief. Dckt. No. 7 at 2, 6.

II.     MOTION TO DISMISS

     A.     Legal Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

B. <u>Discussion</u>

CHRB moves to dismiss plaintiff's complaint on the grounds that (1) plaintiff's claims are barred by res judicata and the failure to exhaust administrative remedies, and (2) plaintiff has failed to state a claim under California Civil Code section 51; Article I, Section 1 of the

California Constitution; or California Business and Professions Code section 17200 *et seq*. Dckt. No. 7 at 1. As explained in detail below, the court finds that plaintiff's claims against CHRB should be dismissed for failure to state a claim. Therefore, the court need not address CHRB's res judicata or exhaustion arguments.

### 1. California Civil Code Section 51, Unruh Civil Rights Act[2]

Plaintiff alleges that CHRB violated the Unruh Civil Rights Act ("Unruh Act"), California Civil Code section 51, by discriminating against plaintiff on the basis of his sex (male) and/or race (Caucasian). Dckt. No. 2-1, ¶¶ 93-98. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

CHRB argues, *inter alia*, that plaintiff's Unruh Act claim against CHRB should be dismissed because CHRB is immune from liability on that claim pursuant to California Government Code section 818.4. Dckt. No. 7 at 4-5. Under California Government Code section 818.4, public entities are immune for injuries caused by the issuance, denial, suspension, or revocation of any permit, license, certificate, approval, or order. However, immunity under section 818.4 is limited to discretionary activities. *Richards v. Dep't of Alcoholic Beverages Control*, 139 Cal.App.4th 304, 318 (2006).

////

---

[2] This court notes that it is questionable whether the Unruh Civil Rights Act applies to CHRB. In his complaint, plaintiff alleges that "CHRB qualifies as a business establishment of every kind whatsoever." Dckt. No. 2-1 ¶ 95. Defendant does not address the issue. Although the California Court of Appeals has held that the Unruh Act does not apply to claims against an Insurance Commissioner in the state Department of Insurance because the Department is not a "business establishment" within the meaning of the Unruh Act, it is unclear if the same rationale precludes the Unruh Act from applying to all government entities, including CHRB. *Spanish Speaking Citizens' Found., Inc. v. Low*, 85 Cal.App.4th 1179, 1240 (2000). Nonetheless, as there are alternative grounds for dismissal of plaintiff's complaint, the court need not decide this issue of state law.

CHRB is an administrative state agency vested with jurisdiction and supervision over race horse meetings and with the responsibility for overseeing all wagered horse racing in the State of California. Cal. Bus. & Prof. Code §§ 19420, 19562. CHRB has all powers necessary and proper to enable it to effectuate its purpose, including the authority to adopt and enforce rules and regulations, adjudicate disputes arising from the enforcement of those rules and regulations, and license individuals involved in horse racing. *Id.* §§ 19440, 19510; *Flores v. Los Angeles Turf Club*, 55 Cal.2d 736, 741 (1961) ("[I]t is no longer open to question that the Legislature . . . and the state Constitution . . . have, in the exercise of the state's conceded police power to regulate race tracks, validly delegated plenary rule-making power to the racing board.").

Pursuant to rules and regulations that CHRB has promulgated, CHRB "*may* refuse to issue a license or deny a license to any person who has been convicted of a crime punishable by imprisonment in a California state prison or a federal prison, or who has been convicted of a crime involving moral turpitude" or to any person "who has committed an act involving moral turpitude." Cal. Code Regs. Tit. 4, § 1489(a), (g) (emphasis added). These licensing actions are discretionary since CHRB has the power to determine the facts with regard to the fitness of an applicant for a license and to decide whether to refuse or deny a license to that applicant.[3] *See McDonough v. Goodcell*, 13 Cal.2d 741, 748 (1939); *see also Morris v. County of Marin*, 18 Cal.3d 901, 911-13 (1977) (finding that section 818.4 immunizes discretionary acts such as the process of determining whether or not an applicant should be given a permit); *Jones v. City of Modesto*, 408 F. Supp.2d 935, 963-64 (E.D. Cal. 2005) (finding that where a regulation states that a police chief may suspend a license, the action is discretionary, not mandatory, and is

---

[3] Some CHRB rules *require* rather than *permit* CHRB to take a particular action. *Compare* Cal. Code Regs. Tit. 4, § 1521 ("[a]ny racing official who fails to exercise due diligence in the performance of his duties *shall* be relieved of his duties") (emphasis added) *with id.* § 1528 ("[t]he stewards *may* suspend the license of anyone whom they have the authority to supervise") (emphasis added).

immunized by section 818.4); *Inland Empire Health Plan v. Super. Ct.*, 108 Cal.App.4th 588, 594 (2003) (finding that the determination of whether a physician meets the requirements for Medi-Cal reimbursements is discretionary, just as a building official is called upon to determine whether a renovation project meets the requirements of building code, and is therefore immunized by section 818.4).

Here, plaintiff's complaint includes an extensive list of allegations of wrongdoing by CHRB. However, these allegations center around his plaintiff's primary complaint that CHRB unreasonably denied, or refused to issue, a license to him based on CHRB's finding that he was unfit to hold a license because of his criminal history. Dckt. No. 2-1 at 21. Plaintiff concedes that he has several criminal convictions and has served time in prison in the state of Oregon.[4] As noted above, it is within CHRB's discretion to refuse an applicant a license based on the applicant's criminal history pursuant to section 1489. Therefore, CHRB is immune from liability pursuant to California Government Code section 818.4 for its denial of, and/or refusal to issue, a license to plaintiff. Accordingly, plaintiff's claim against CHRB for violation of California Civil Code section 51 should be dismissed without leave to amend.[5]

2. California Constitution, Article 1, Section 1

Plaintiff also alleges that CHRB violated his California constitutional right, pursuant to Article 1, Section 1, to pursue his chosen profession. Dckt. No. 2-1 ¶¶ 99-102. Defendant moves to dismiss this claim arguing, *inter alia,* that it is immune from liability pursuant to California Government Code section 818.4 for actions regarding the denial of a license. Dckt. No. 7 at 6.

---

[4] Plaintiff asserts that in 1985 he was convicted of check forgery in Washington, in 1987 he was convicted of possession of stolen property, in 1994 he was convicted of felony possession of stolen property and racketeering in Oregon for which he served two and a half years in prison, and sometime around 1994 he was again convicted of possession of stolen property in Washington. Dckt. No. 2-1 at 2.

[5] Because the court finds that CHRB is immune from liability on this claim, CHRB's alternative grounds for dismissing the claim need not be reached.

As discussed above, section 818.4 immunizes a public entity from liability for discretionary actions relating to the issuance of a license where the public entity is authorized to determine whether or not the license should be issued or denied.  The court finds no case law to support the notion that section 818.4 applies differently when the alleged violation is of a constitutional right.  To the contrary, section 814 specifically provides that a public entity's liability based on contract is not affected by section 818.4 immunity; however, there is no such limitation for liability based on violations of the California Constitution.  Therefore, plaintiff's claim against CHRB for violation of Article 1, Section 1 of the California Constitution should be dismissed without leave to amend.

### 3. California Business and Professions Code Section 17200

Finally, plaintiff alleges that by refusing to issue him a license, CHRB engaged in "unlawful and/or unfair business acts or practices" in violation of California's Unfair Competition Law ("UCL"), Business and Professions Code section 17200 *et seq*. Dckt. No. 2-1 ¶ 124.  CHRB moves to dismiss plaintiff's UCL claim on the ground that it does not apply to public agencies such as CHRB.  Dckt. No. 7 at 6.

California Business and Professions Code section 17203 establishes the right to sue "any person" for unfair competition, which under section 17200 includes any unlawful, unfair, or fraudulent business act or practice.  Cal. Bus. & Prof. Code §§ 17203, 17200.  Section 17201 defines "person" as any "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." *Id*. § 17201.  Public entity is defined as any public authority or public agency.  Cal. Gov't Code § 811.2.

It is well established that public entities are not included in the definition of person as it is used in the UCL and that therefore public entities are not subject to suit under the UCL.  *See, e.g., PETA, Inc. v. Cal. Milk Prods. Advisory Bd.*, 125 Cal.App.4th 871, 877-79 (2005) (California Milk Producers Advisory Board); *Cal. Med. Ass'n, Inc. v. Regents of Univ. of Cal.*, 79 Cal.App.4th 542, 551 (2000) *(*University of California); *Trinkle v. Cal. State Lottery*, 71

Cal.App.4th 1198, 1203-04 (1999) (California State Lottery); *Community Mem'l Hosp. v. County of Ventura*, 50 Cal.App.4th 199, 208-10 (1996) (County of Ventura).  Because CHRB is a public entity that is not subject to suit under the UCL, plaintiff's UCL claim against CHRB should be dismissed without leave to amend.

### III. MOTION TO STRIKE

Because all of plaintiff's claims against CHRB should be dismissed, CHRB's motion to strike plaintiff's equitable relief claim should be denied as moot.

### IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant CHRB's motion to dismiss, Dckt. No. 7, be granted;

2. Defendant CHRB's motion to strike, Dckt. No. 7, be denied as moot; and

3. Defendant CHRB be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8